### NORWOOD (VIL.) v. KATE D. HAUK.

1. IMPUTED NEGLIGENCE.

The doctrine of imputed negligence does not prevail in Ohio.

2. ACCEPTING CARE AND GUIDANCE OF ANOTHER.

The liability of a village for damages for injuries due to a defective sidewalk can not be defeated by the fact that the one injured was led upon the defective place in the walk by a friend whose care and guidance she had accepted.

3. DOES NOT CONSTITUTE AGENCY.

The acceptance of the temporary care and guidance of a friend, in reaching a street car, does not constitute such friend an agent in such a sense that his or her negligence, in going upon a defective sidewalk, can be imputed to the person accepting such care and guidance.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

This was an action for damages for a personal injury sustained by reason of the negligence of the plaintiff in error in failing to keep its sidewalk in good repair and free from nuisance, in which a verdict for $1,500 was rendered in favor of defendant in error.

The evidence clearly established the negligence of the village; but it sought to avoid responsibility by showing the contributory negligence, not of the defendant in error directly, but through another person under whose care she had temporarily placed herself.

On the day of the accident the defendant in error had been visiting the family of John Snyder, a resident of the village, and when about to return Mrs. Snyder offered to accompany her and show her the best way to reach the street car. The defendant in error accepted Mrs. Snyder's guidance, and together they started for the street car. This fact did not constitute Mrs. Snyder the agent of the defendant in error in such sense that the contributory negligence of the former can be imputed to the latter. The doctrine of imputed negligence does not prevail in Ohio—Davis v. Guarineri, 45 Ohio St., 470.

There being no error in the record, the judgment will be affirmed.

W. R. Collins, for plaintiff in error.

Swing, Cushing & Morse and Burton B. Tuttle, *contra.*